**Michael Graves BROWNLEE, Petitioner,**

v.

**Barbara Ann BROWNLEE, Respondent.**

No. C–2313.

Supreme Court of Texas.

Feb. 29, 1984.

Steinberg & Meer, Carl A. Generes, John Alan Goren, Dallas, for petitioner.

Warren Zimmerman, Dallas, for respondent.

RAY, Justice.

This is a summary judgment case. The trial court granted summary judgment for Barbara Ann Brownlee against her former spouse, Michael Graves Brownlee, in Barbara's suit based on breach of a written settlement agreement contained in an agreed judgment of divorce. The court of appeals affirmed.[1] Michael Brownlee contends there was a genuine issue of material fact raised in his response to the motion for summary judgment and in his affidavit in opposition to the motion. We disagree with Mr. Brownlee and affirm the judgments of the trial court and the court of appeals.

---

1. The court of appeals opinion was not published, pursuant to Rule 452, TEX.R.CIV.P.

In February of 1974, Barbara and Michael Brownlee were divorced and entered into a support and settlement agreement which was approved and rendered as an agreed judgment. The agreement provided for contractual alimony of $1200 per month and for child support of $200 per month. Michael failed to make any payments from May 1979 to July 1980, and Barbara filed suit to collect these missed payments in the amount of $18,000 plus interest and attorney's fees.

At the time she filed suit, Barbara also filed a motion for summary judgment. In support of that motion, Barbara filed a copy of the agreement along with her affidavit which pointed out the nonpayment. In his response to the motion and in his affidavit opposing it, Michael did not contest the validity of the agreement or the fact of nonpayment; rather, he stated that the agreed judgment had been "amended and modified since the date of their execution and entry, respectively, in many respects, including but not limited to, modification of my obligation to make either support and/or periodic payments as set forth therein." Michael contends that this allegation raises a genuine issue of material fact. We disagree.

Michael Brownlee's allegation of modification is clearly an affirmative defense. He admits the existence of the alimony/child support agreement and his failure to make payments thereunder, but he attempts to avoid liability by alleging modification of the agreement. If the party opposing a summary judgment relies on an affirmative defense, he must come forward with summary judgment evidence sufficient to raise an issue of fact on each element of the defense to avoid summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678–9 (Tex.1979); *Life Ins. Co. of Virginia v. Gar-Dal, Inc.*, 570 S.W.2d 378, 381 (Tex. 1978); *see generally* Dorsaneo, *Texas Litigation Guide* § 101.05 (1983). Affidavits consisting only of conclusions are insufficient to raise an issue of fact. *Life Ins. Co. of Virginia v. Gar-Dal, Inc.*, 570

S.W.2d at 381. By stating that his contractual obligation had been modified, Michael asserted nothing more than a legal conclusion. His affidavit did not set forth such facts as would be admissible in evidence, as required by Rule 166–A(e), TEX.R.CIV.P. If this had been a trial on the merits and the only thing to which Michael testified was that his obligation had been modified, the trial court would have been required to instruct a verdict against him. Michael's affidavit opposing Barbara's motion for summary judgment should have gone further and specified factual matters such as the time, place, and exact nature of the alleged modification.

Michael Brownlee's affidavit in opposition to the motion for summary judgment was also insufficient for a second reason. Unless authorized by statute, an affidavit is insufficient unless the allegations contained therein are direct and unequivocal and perjury can be assigned upon it. *Burke v. Satterfield*, 525 S.W.2d 950 (Tex.1975). Michael's affidavit, however, does not positively and unqualifiedly represent the "facts" as disclosed in the affidavit to be true and within his personal knowledge. The statements made in the affidavit lack the necessary factual specificity.

The judgments of the trial court and the court of appeals are therefore affirmed.