Opinion issued May 23, 2002







 

 

 

In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00449-CV






LUNSFORD CONSULTING GROUP, INC., WILLIAM B. LUNSFORD, SR.,
WILLIAM B. LUNSFORD JR., AND MICHAEL D. KISER, Appellants


V.


CRESCENT REAL ESTATE FUNDING VIII, L.P., Appellee






On Appeal from the 333rd District Court

Harris County, Texas

Trial Court Cause No. 2000-17778






O P I N I O N


 On October 18, 2001, we granted an interlocutory motion to withdraw the
appeal of Lunsford Consulting Group, Inc. (Lunsford Consulting), William B.
Lunsford, Sr., and William B. Lunsford, Jr. Michael D. Kiser is the remaining
appellant on appeal. Kiser challenges summary judgment rendered against him in this
commercial lease suit. In three points of error, Kiser contends that the trial court
erred because: (1) the lease violated public policy; (2) summary judgment was
inappropriately granted based on the affidavit of Ted Freyer; and (3) no judicial
admission prevented Kiser from contesting the date he entered into the lease. We
review whether the trial court erred in granting summary judgment in favor of
appellee, Crescent Real Estate Funding VIII, L.P. (Crescent). We affirm.

Facts 

 CDI / East Houston Venture I, L.P. (CDI) and Lunsford Consulting entered into
a commercial lease (the Lease), to commence on September 1, 1997 and expire on
August 31, 2002. Crescent is the successor company to CDI for purposes of the
Lease. The Lease had blank spaces for the date it was to be executed and entered
into, but the parties did not fill in these spaces. Lunsford Sr., Lunsford Jr., and Kiser
signed as personal guarantors in the continuing lease guaranty (the guaranty), which
also lacked execution dates.

 Lunsford Consulting abandoned the Lease in August 1998. Kiser continued
to make rent payments until April 1999, when he located a potential tenant to assume
the rent at the full rental amount provided in the Lease, but Crescent rejected the
potential tenant. Crescent relet the property on May 1, 2000, and then sued Lunsford
Consulting and all the personal guarantors for breach of contract and breach of
guaranty.

 Kiser filed a general denial of every allegation. Lunsford Consulting, Lunsford
Jr., and Lunsford Sr., filed their first amended answer denying the allegations and also
raised the affirmative defense that Crescent had failed to mitigate its damages by not
using objectively reasonable standards to relet the property in question. Crescent
filed a motion for summary judgment alleging it had no duty to mitigate damages
under section 5.08(h) of the Lease, which stated:

 Upon termination or repossession of the Leased Premises for an Event
of Default, Landlord shall not be obligated to relet or attempt to relet the
Leased Premises, or any portion thereof, or to collect rental after
reletting, the Landlord shall have the option to relet or attempt to relet. 
In the event of reletting, Landlord may relet the whole or any portion of
the Leased Premises for any period, to any tenant, and for any use and
purpose.


 Lunsford Consulting, Lunsford Sr., Lunsford Jr., and Kiser (collectively, the
defendants), responded to the motion for summary judgment by arguing that section
91.006 of the Texas Property Code requires a landlord to mitigate damages. See Tex.
Prop. Code Ann. § 91.006 (Vernon Supp. 2002). Crescent responded that the statute
did not apply because the Lease was entered into on August 14, 1997, and thus before
the September 1, 1997 effective date of the statute. Id. Crescent also offered the
affidavit of Ted Freyer, the general manager of the property in question, who stated
that on August 14, 1997, CDI, the predecessor of Crescent, entered into a lease
agreement with Lunsford Consulting.

 The defendants argued that Freyer's affidavit was not based on personal
knowledge and was conclusory. They asked that summary judgment be denied to
permit more discovery on the issue of mitigation. Although the defendants stated in
the preliminary statement of the response to the motion for summary judgment that
the Lease was entered into on August 14, 1997, they argued later in their response
that the Lease was effective September 1, 1997. Crescent replied to defendants'
response by arguing that section 91.006 of the Property Code did not apply. The
defendants filed a supplemental response to the motion for summary judgment
objecting to the affidavit of Freyer as support for summary judgment.

 At the hearing on Crescent's motion for summary judgment, Crescent argued
that the defendants' statement regarding the "entered into date" in the response to
summary judgment constituted an admission. The trial court disagreed and granted
the defendants' oral request to amend their response by changing the date in their
response to the motion for summary judgment from August 14, 1997, to September
1, 1997. Nevertheless, the trial court granted summary judgment in favor of Crescent.

 The defendants filed a motion for new trial contending they raised a fact issue
as to the date they entered into the Lease. In support of their motion, they filed an
affidavit from Robert Bain, a commercial broker who represented Lunsford Group,
who stated he received the fully executed Lease shortly after September 11, 1997. 
The defendants also continued to argue that Freyer's affidavit was conclusory, and
that he lacked personal knowledge of the date the Lease was entered into. The trial
court denied the defendants' motion for new trial.

Summary Judgment

 Movants who seek summary judgment under Rule 166a(c) must show there are
no genuine issues of material fact and that they are entitled to judgment as a matter
of law. Tex. R. Civ. P. 166a(c); Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d
640, 644 (Tex. 1995); Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548
(Tex. 1985). In deciding whether there is a disputed material fact issue precluding
summary judgment, we take evidence favorable to the nonmovant as true. Randall's
Food Mkts., Inc., 891 S.W.2d at 644; Nixon, 690 S.W.2d at 548-49. We also indulge
every reasonable inference in favor of the nonmovant and resolve any doubts in its
favor. Randall's Food Mkts., Inc., 891 S.W.2d at 644; Nixon, 690 S.W.2d at 549. 
If the movant's summary judgment proof facially establishes the movant's right to
judgment as a matter of law, then the burden shifts to the nonmovant to raise an issue
of fact on one of the elements of the movant's claim or each element of an affirmative
defense. Texas Monthly, Inc. v. Transamerican Natural Gas Corp., 7 S.W.3d 801,
805 (Tex. App.--Houston [1st Dist.] 1999, no pet.). 

 To defeat summary judgment by raising an affirmative defense, the nonmovant
must do more than just plead the affirmative defense. American Petrofina, Inc. v.
Allen, 887 S.W.2d 829, 830 (Tex. 1994). The nonmovant must present summary
judgment evidence that raises that defense. Brownlee v. Brownlee, 665 S.W.2d 111,
112 (Tex. 1984). If the nonmovant does not raise a fact issue on each element, there
is no defense. Id. at 112. 

 Because the trial court did not state the grounds on which it granted summary
judgment, we may affirm if any of the grounds in the summary judgment motion
supports the judgment. Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 626 (Tex.
1996).

Duty to Mitigate Damages

 In his first point of error, Kiser contends the Lease violated public policy by
allowing Crescent to contractually avoid the duty to mitigate damages. 

 Kiser concedes he breached the Lease. Consequently, Crescent established all
the elements of a breach of contract, and, as a matter of law, is entitled to judgment
on that cause of action. To defeat summary judgment, Kiser raised the affirmative
defense of mitigation.

 A landlord's duty to mitigate damages is statutory:

 Section 91.006. Landlord's Duty to Mitigate Damages

 (a) A landlord has a duty to mitigate damages if a tenant abandons
the leased premises in violation of the lease.


 (b) A provision of a lease that purports to waive a right or to exempt
a landlord from a liability or duty under this section is void.


Tex. Prop. Code Ann. § 91.006 (Vernon Supp. 2002). 

 The statute only applies, however, to leases entered into on or after September
1, 1997. See Acts 1997, 75th Leg., R.S., ch. 1205, § 16 (a), 1997 Tex. Gen. Laws
4632, 4632. Before September 1, 1997, a commercial landlord and tenant could
contractually avoid the landlord's duty to mitigate damages after a lease default. 
Austin Hill Country Realty, Inc. v. Palisades Plaza, Inc., 948 S.W.2d 293, 299 (Tex.
1997); Stucki v. Noble, 963 S.W.2d 776, 781 (Tex. App.--San Antonio 1998, pet.
denied). Kiser contends Austin Hill condemns lease clauses that eliminate a
landlord's duty to mitigate damages as against public policy. The supreme court
clearly envisioned, however, that a landlord and tenant could contractually avoid the
landlord's duty to mitigate damages:

 We therefore recognize that a landlord has a duty to make reasonable
efforts to mitigate damages when the tenant breaches the lease and
abandons the property, unless the commercial landlord and tenant
contract otherwise.

Austin Hill, 948 S.W.2d at 299 (emphasis added). 

 In 1997, the legislature passed a statute, effective September 1, 1999, that
required a landlord to mitigate damages after breach of a lease and declared any
clause to the contrary void. Tex. Prop. Code Ann. § 91.006 (Vernon Supp. 2002). 
We hold that a lease entered into before September 1, 1997, requires a landlord to
mitigate damages, unless the parties agree otherwise, but a lease entered into after
September 1, 1997, requires a landlord to mitigate damages, and any clause to the
contrary is void. See Tex. Prop. Code Ann. § 91.006 (Vernon Supp. 2002); Austin
Hill, 948 S.W.2d at 299. 

 Because Crescent had established all of the elements of its claim, it became
Kiser's burden to raise a fact issue, either as to an element of the claim, or as to each
element of an affirmative defense. See Texas Monthly, 7 S.W.3d at 805. Kiser
concedes that Crescent established all the elements of breach of contract. 
Accordingly, Kiser had to present summary judgment evidence that raised a fact issue
as to each element of the affirmative defense of mitigation. Brownlee, 665 S.W.2d
at 112. As a threshold issue, however, Kiser had to show that the affirmative defense
was available to him. Thus, he head a duty to present summary judgment evidence
that raised a fact issue on whether the Lease was entered into on or after September
1, 1997, the effective date of Section 91.006 of the Property Code. Crescent had no
burden to bring forth any evidence to contest the availability of Kiser's affirmative
defense. See Brownlee, 665 S.W.2d at 112.

 Kiser presented no evidence at the summary judgment hearing, but attacked
Crescent's affidavit evidence as conclusory and made without personal knowledge. 
This attack is insufficient to create a fact issue on whether mitigation was available
as an affirmative defense. Even if Freyer's affidavit was conclusory and without
personal knowledge with regard to the date the Lease was entered into, there is no
evidence that the Lease was executed on or after September 1, 1997, to give rise to
the affirmative defense of mitigation. Because it was Kiser's burden to raise some
evidence that created a fact issue on the availability of mitigation as an affirmative
defense, Kiser could not rely on mitigation as an affirmative defense. See Brownlee,
665 S.W.2d at 112.

 At the hearing on Kiser's motion for new trial, Kiser presented the affidavit of
Robert Bain, a commercial broker who represented Lunsford Group, who stated he
received the fully executed Lease shortly after September 11, 1997. This evidence,
too, did not raise a fact issue about when the Lease was entered into because it related
only to events that occurred after the Lease was executed. Because Kiser was relying
on an affirmative defense to defeat summary judgment, he had to produce summary
judgment evidence that raised a fact issue on each element of the affirmative defense. 
See Brownlee, 665 S.W.2d at 112. Because he did not, the trial court properly
rendered summary judgment in favor of Crescent.

 Because Kiser did not meet his burden of producing summary judgment
evidence raising a fact issue on the affirmative defense of mitigation, we need not
address whether the Lease violated public policy, whether the affidavit of Ted Freyer
was proper, or whether a judicial admission prevented Kiser from contesting the date
he entered into the Lease.

Conclusion

 We affirm the judgment of the trial court.






 Tim Taft

 Justice


Panel consists of Chief Justice Schneider, and Justices Taft and Radack.

Publish. Tex. R. App. P. 47.4.