Affirmed and Memorandum Opinion filed May 23, 2006









Affirmed
and Memorandum Opinion filed May 23, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-01158-CV

____________

 

ZOYA ENTERPRISES,
INC., GHULAM HUSSAIN KHATANI AND KAREEM HUSSAIN KHATANI, Appellants

 

V.

 

SAMPRI
INVESTMENTS, L.L.C., Appellee

 



 

On Appeal from the 55th
District Court

Harris County, Texas

Trial Court Cause No. 2002-40804

 



 

M E M O R A N D U M   O P I N I O N

Appellants Zoya Enterprises, Inc., Ghulam
Hussain Khatani, and Kareem Hussain Khatani (collectively, AZoya@), appeal the
trial court=s grant of two summary judgments in favor
of appellee, Sampri Investments, L.L.C. (ASampri@).  We affirm the trial court=s judgment, and in
doing that, we refuse to consider a supplemental clerk=s record filed
over seven months after it was prepared and three weeks after the appeal=s submission date.


Background

The relevant facts are as follows.  In August 2002, Sampri sued Zoya for
nonpayment of a promissory note and guaranty in connection with the sale of a
convenience store and its inventory. 
Zoya answered and later added counterclaims asserting fraud and deceptive
trade practices against Sampri and its alleged partners, Aslam Virani and Priti
Virani.[1]  In December 2003, Sampri filed APlaintiff=s Partial Motion
for Summary Judgment@ on the note and guaranty and APlaintiff=s No-Evidence
Motion for Summary Judgment@ on Zoya=s counterclaims
and affirmative defenses.  Zoya filed one
response to both motions. 

The trial court sustained many of Sampri=s objections to
exhibits attached to Zoya=s response and granted Sampri=s two motions for
summary judgment.  Sampri obtained a
final judgment on November 2, 2004, after non-suiting its remaining
claims.  This appeal followed.

Sampri=s Motion to Strike
and Dismiss the Appeal

As an initial matter, Sampri has filed
with this Court a motion to strike portions of Zoya=s appellate brief
and appendix and to dismiss Zoya=s appeal.  First, Sampri contends that Zoya=s appellate brief
includes references to documents not in the record and alleges facts without
evidentiary support, and that Zoya=s appendix
includes documents not contained in the clerk=s record.  Sampri requests that we strike those
documents and references from the brief and appendix.  Second, Sampri argues that we should dismiss
Zoya=s appeal because
Zoya has failed to comply with the Texas Rules of Appellate Procedure.  We deny Sampri=s request to
dismiss Zoya=s appeal, but we hold that, to the extent
Zoya references matters or relies upon documents not contained in the appellate
record, we will not consider them.

Zoya=s Post-Submission
Supplemental Clerk=s Record

Although we have denied Sampri=s motion to
dismiss Zoya=s appeal, that is not the end of Zoya=s appellate
procedural problems.  We also must
address Zoya=s failure to timely provide a complete
clerk=s record for our
consideration of its appeal.  It was this
failure that prompted Sampri=s motion to strike
and dismiss the appeal, and it is this failure that directs our resolution of
the appeal.  

1.       The
Problem

When Zoya designated the clerk=s record on
appeal, it generally requested, among other things, Sampri=s AMotion for Summary
Judgment@ and the AResponse thereto.@  In the absence of filing dates, however, the
clerk was unable to locate Zoya=s response, and so
did not include it in the original record that was prepared.  Most likely, the clerk did not include Zoya=s response because Zoya did not title
it a Aresponse.@ 
Instead, it was titled ADefendants/Counter-Plaintiffs=, Zoya Enterprises, Inc. and Ghulan
Hussain Khatani and Kareem Hussain Khatani, Motion for Summary Judgment
and Partial Motion for Summary Judgment.@ 
(Italics ours).  Apparently, Zoya
left out the two key wordsCAResponse to@Cthat would have
identified the document.  The original
clerk=s record was filed
January 27, 2005, but only after this Court notified Zoya that it had failed to
make arrangements to pay for the record. 
Zoya=s brief, initially due February 28, 2005,
was filed on April 11, 2005, after Zoya received an extension of time to file
the brief.  Certainly, Zoya became aware
at some point before filing its brief that its response was not in the record,
but Zoya did not request a supplemental record until April 12, 2005, one day
after Zoya filed its brief in which it represented that it had requested the
supplemental record.[2]








Unable to cite to evidence attached to the
response, Zoya prepared its brief with an appendix containing what appears to
be a copy of its response along with copies of some of the exhibits to the
response.  Zoya cited to the appended
documents and, in a footnote, informed this Court that it had requested a
supplemental clerk=s record to include the response and
exhibits.  By the time Sampri filed its
brief and the motion to strike and to dismiss Zoya=s appeal in May of
2005, the supplemental clerk=s record still was
not filed.  Save for a few conclusory
arguments, Sampri=s brief dealt almost exclusively with the
state of the appellate record when it filed its brief.  Thus, Sampri argued that the record did not
contain a fact issue to defeat Sampri=s summary judgment
motions because no controverting evidence was in the record.  During the summer and fall, the completed
supplemental record remained at the clerk=s office, waiting
for Zoya to pay for it.

On November 3, 2005, this Court notified
the parties that the appeal would be submitted on the briefs in six weeksCon December 15,
2005.  While working on the case in
anticipation of the submission date, this Court asked the district court clerk
if a supplemental record was prepared. 
The court clerk confirmed that Zoya had requested a supplemental record
and that the clerk had prepared it in May of 2005, but that Zoya had not paid
for it.  Not having been paid for the
record, the clerk did not forward it to this Court.  We then drafted an opinion based on the
record before us.  

Three weeks after the submission date, but
before issuance of the opinion, we received the supplemental clerk=s record
containing Zoya=s response to Sampri=s motions for
summary judgment.  We asked the parties
to brief the issue of the late-filed record. 
In its letter brief, Zoya urged us to consider the post-submission
supplement, contending the problem was that AAppellants= counsel did not
receive indication from the district clerk=s office that the
supplemental record had not been prepared and forwarded to this Court until the
latter part of 2005,@[3] and stating that
the filing fee then was immediately forwarded. 
Zoya=s counsel also argued that Athis presents a
highly unusual circumstance for which the Court should exercise its discretion
to allow post-submission supplementation.@  








Conversely, Sampri urged this Court not to
consider the supplemental record.  Sampri
pointed out Zoya=s failure to promptly pay for the original
record, its knowledge for months that the supplemental record was needed, its
receipt of Sampri=s responsive brief and motion pointing out
that the documents Zoya relied on were not in the record, and Zoya=s failure to take
any action to timely procure the filing of the record prior to the submission
date.  Zoya had never declared that it
could not afford to pay for the record, Sampri noted.  Sampri also complained that it was unable to
address the documents in the supplemental record because it was filed well
after Sampri=s brief was due.  Finally, Sampri argued that, although the
clerk is responsible for timely filing the clerk=s record, this
responsibility is conditioned on the appellant filing the notice and paying the
clerk=s fee.  See Tex.
R. App. P. 35.3(a).

2.       Our
Resolution of the Problem

Having reviewed the record before us, we
agree with Sampri that Zoya had many opportunities to supplement the record and
received many reminders of the pendency of the appeal, which, in turn, should
have reminded Zoya of the crucial supplemental record it must file. 

!                  
December 7, 2004.  Zoya requests designation of
the original clerk=s record on appeal, but does not
provide sufficient information to enable the clerk to identify Zoya=s response to Sampri=s summary judgment motionsCthe most important document neededCwhich has a misleading title.

!                  
January 27, 2005.  The appellate record is
filed.  Omitted from the record is Zoya=s pivotal documentCits response, with accompanying
exhibits, to the motions for summary judgment.

!                  
January B April 2005. 
At some point, Zoya discovers that necessary documents and exhibits were
omitted from the record.  When Zoya files
its brief it states it has already requested the supplemental record, although
it does not actually send a letter requesting supplementation until the day
after the brief is filed.

!                  
May 16, 2005.  Sampri=s AMotion to Strike a Portion of the
Appellants [sic] Brief and Appendix and Dismiss Appeal@ is filed with this Court.

!                  
May 19, 2005.  Sampri=s appellate brief is filed with this Court. 








!                  
May 23, 2005.
 The clerk=s supplemental record is completed.

!                  
May 2005 B December 31, 2005.  The completed
supplemental record sits untouched at the clerk=s office.

!                  
November 3, 2005.  This Court notifies Zoya and
Sampri that the appeal will be submitted without argument on December 15,
2005.  Zoya does not inquire about the
status of the record or ensure that the supplemental clerk=s record has been filed.

!                  
December 2005.
 This Court inquires with the district clerk
about the omitted response and is told it has been completed since May 2005,
but the clerk=s office has not been paid for
preparing it.

!                  
January 4, 2006. 
Zoya files the post-submission supplemental clerk=s record. 

Although Zoya asks that we overlook the untimeliness of the
post-submission supplemental record, the preceding time line convinces us that
we should not.  

First, Zoya has exhibited a complete indifference to the
appeal.  Zoya should have known in
January, but certainly knew in April, that the record must be
supplemented.  Zoya was reminded in May
that the record was incomplete and was informed in November that the case was
to be submitted soon.  At each of these
points Zoya should have filed the supplemental record.  Still, no action was taken to ensure that the
record was properly supplemented.

Second, Zoya=s inaction and
indifference have inconvenienced this Court and delayed its efforts to timely
resolve the appeal.  Our legislature has
indicated its desire that we efficiently handle the appeals before us.  Zoya=s lack of effort
has impeded this process.  We had
considered the case as it appeared on the submission day and prepared an
opinion, only to be required to spend additional time and effort to address the
filing of the post-submission supplemental record.

Third, if we consider the supplemental record, we must
afford Sampri an opportunity to respond to it, which will increase Sampri=s costs and
further delay proceedings. 








This is not a case of a simple oversight
of tangential or insignificant information that could be easily
overlooked.  This is a case of continued
neglect of information crucial to a proper appellate review.  This neglect continued for over eleven
months.  The burden was on Zoya (1) to
ensure that all the documents it needed for this Court to fully review the
correctness of the summary judgment were in the record, and (2) to timely pay
for the supplemental record once it realized necessary documents were excluded.  See Enter. Leasing Co. of Houston v.
Barrios, 156 S.W.3d 547, 549B50 (Tex. 2004)
(per curiam) (AAlthough Enterprise bears the burden to
prove its summary judgment as a matter of law, on appeal Barrios bears the
burden to bring forward the record of the summary judgment evidence to provide
appellate courts with a basis to review his claim of harmful error.@); Tex. R. App. P. 35.3(a)(2).  Zoya did not carry its burden.  

As a result, we refuse to consider the
documents contained in the post-submission supplemental record.  Instead, we will consider Zoya=s issues on the
record that was before us on the submission day.  

Zoya=s Issues on Appeal

On appeal, Zoya contends that the trial
court erred in granting the summary judgments in favor of Sampri because
material issues of fact existed concerning Zoya=s claims of fraud
and violations of the Deceptive Trade Practices-Consumer Protection Act (ADTPA@).[4]  Zoya also contends that the trial court erred
in striking a transcript of a tape recording allegedly between a representative
of Sampri and Kareem Khatani.  We will
address each in turn.

1.       Standards
of Review








The movant for summary judgment has the burden to show there
is no genuine issue of material fact and it is entitled to judgment as a matter
of law.  Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548 (Tex. 1985).  When
deciding whether there is a disputed material fact issue precluding summary
judgment, we must take as true all evidence favorable to the non‑movant.  Nixon, 690 S.W.2d at 548B49. 
We must indulge every reasonable inference in favor of the non‑movant
and resolve any doubts in its favor.  Id.
at 549.  If the party opposing a summary judgment
relies on an affirmative defense, that party must come forward with summary
judgment evidence sufficient to raise an issue of fact on each element of the
defense to avoid summary judgment.  Brownlee
v. Brownlee, 665 S.W.2d 111, 112 (Tex.1984).

Additionally, after sufficient time for discovery has passed,
a party may file a Ano evidence@ motion for summary judgment if there is no evidence of one
or more essential elements of a claim or defense on which an adverse party
would have the burden of proof at trial. 
See Tex. R. Civ. P. 166a(i). 
When reviewing a no‑evidence summary judgment, we examine the
evidence in the light most favorable to the non‑movant, disregarding all contrary
evidence and inferences.  King Ranch,
Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003); Specialty Retailers,
Inc. v. Fuqua, 29 S.W.3d 140, 146 (Tex. App.CHouston [14th Dist.] 2000, pet.
denied).  We sustain a no-evidence issue
when (a) there is a complete absence of evidence of a vital fact, (b) the court
is barred by rules of law or of evidence from giving weight to the only
evidence offered to prove a vital fact, (c) the evidence offered to prove a
vital fact is no more than a mere scintilla, or (d) the evidence conclusively
establishes the opposite of the vital fact. 
King Ranch, 118 S.W.3d at 751. 
If the respondent brings forth more than a scintilla of probative
evidence to raise a genuine issue of material fact, a no‑evidence summary
judgment is improper.  Tex. R. Civ. P. 166a(i); King Ranch,
118 S.W.3d at 751.  Less than a scintilla
of evidence exists when the evidence is so weak as to do no more than create a
mere surmise or suspicion of a fact.  King
Ranch, 118 S.W.3d at 751.

2.       Fraud

In its motion for partial summary
judgment, Sampri sought a judgment against Zoya as the maker of the promissory
note and against Ghulam Khatani and Kareem Khatani as guarantors of the
note.  In its no-evidence motion for
summary judgment, Sampri contended that Zoya could produce no evidence of any
of the elements of fraud or fraudulent inducement.  The elements of fraud are as follows: (1)
that a material representation was made; (2) the representation was false; (3)
when the representation was made, the speaker knew it was false or made it
recklessly without any knowledge of the truth and as a positive assertion; (4)
the speaker made the representation with the intent that the other party should
act upon it; (5) the party acted in reliance on the representation; and (6) the
party thereby suffered injury.  In re
FirstMerit Bank, N.A., 52 S.W.3d 749, 758 (Tex. 2001); Johnson &
Higgins of Texas, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 524 (Tex.
1998).  

On appeal, Zoya contends that it was
entitled to avoid the contract forming the basis of Sampri=s motion for
partial summary judgment and its no-evidence motion because of Zoya=s fraud, failure
to disclose information, and illegal acts. 
Zoya also contends that it relied on Sampri=s allegedly
fraudulent misrepresentations and would not have entered into the contract if
it had known the true financial condition of the business.  However, because we do not consider Zoya=s post-submission
supplemental record, the record before us does not contain Zoya=s response or its
attached exhibits.  In the absence of any
evidence supporting the fraud counterclaim, we hold that the trial court did
not err in granting Sampri=s partial summary
judgment and its no-evidence summary judgment on this basis.  

3.       Deceptive
Trade Practices








Zoya also contends that it raised genuine
issues of material fact on its counterclaim that Sampri violated the DTPA.  Zoya asserts that Sampri and its
representatives failed to disclose information, made misrepresentations, and
engaged in illegal activities relating to the business.  Zoya also contends the trial court failed to
take Zoya=s favorable evidence as true and make all
reasonable inferences in its favor, and instead discounted Zoya=s evidence and
took Sampri=s evidence as true. 

The DTPA prohibits A[f]alse,
misleading, or deceptive acts or practices in the conduct of any trade or
commerce . . . .@  Tex. Bus. & Com. Code ' 17.46(a).  To prevail under the DTPA, a plaintiff must
show that (1) the plaintiff was a consumer; (2) the defendant committed, among
other things, a Alaundry‑list@ violation under
DTPA section 17.46(b) or any unconscionable action or course of action; and (3)
the wrongful act was a producing cause of the plaintiff=s economic or
mental‑anguish damages.  See id.
'' 17.46(b),
17.50(a).[5]  In its no-evidence motion for summary
judgment, Sampri argued that Zoya could produce no evidence on the following
elements:  (1) Zoya is a consumer; (2)
Sampri engaged in a false, misleading, or deceptive Alaundry-list@ act or engaged in
unconscionable conduct; and (3) the act or conduct constituted a producing
cause of Zoya=s damages. 

Zoya contends that it raised fact issues
on the elements of its DTPA counterclaims; again, however, because we do not
consider Zoya=s response to Sampri=s motions or its
attached exhibits, the record before us does not contain any evidence
supporting such claims.  We therefore
hold that the trial court did not err in granting Sampri=s partial summary
judgment and its no-evidence summary judgment on this basis.  

4.       Admissibility
of Transcript

In its last issue, Zoya contends that the
trial court erred in sustaining Sampri=s objections to a
transcript and striking it from the record. 
Zoya alleges the transcript is of a taped conversation purportedly
between Kareem Khatani and a representative of Sampri.








Because we do not consider the
post-submission supplemental clerk=s record, neither
the transcript nor an affidavit purportedly authenticating it is before
us.  We are therefore unable to assess
Zoya=s complaint and so
overrule this issue.

Conclusion

We overrule Zoya=s issues and
affirm the trial court=s judgment.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed May 23, 2006.

Panel
consists of Justices Fowler, Edelman, and Guzman.











[1]  The Viranis
are not parties to this appeal.





[2]  Before Zoya
made its request, Sampri sought and obtained a supplemental clerk=s record, which was filed on March 24, 2005.  Thus, the supplemental clerk=s record Zoya requested is designated ASecond Supplemental Clerk=s Record@ in our
appellate record.  However, for purposes
of this opinion, we will refer to it as the Asupplemental
record@ or Apost-submission supplemental record.@





[3]  Interestingly,
as to this representation, Zoya states that Athis
notice will be supplemented to the Court once located by our office,@ but no such supplementation has ever been made.





[4]  See Tex. Bus. & Com. Code '' 17.46, 17.50. 
Although Zoya=s brief does not clearly set out whether its specific
arguments are directed to Sampri=s motion
for partial summary judgment or the no-evidence motion for summary judgment, we
will consider them as counterclaims or affirmative defenses as appropriate. 





[5]  Zoya also
argues that it is a consumer, citing this Court=s recent
opinion in Jabri v. Alsayyed, 145 S.W.3d 660, 671 (Tex. App.CHouston [14th Dist.] 2004, no pet.), in which we held
that the lessee of a convenience store was a consumer for purposes of the
DTPA.  We need not decide whether Zoya is
a consumer for purposes of the DTPA, however, because the record contains no
evidence that Sampri engaged in any of the alleged deceptive acts or practices.