**DENY; and Opinion Filed May 19, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00584-CV

## IN RE DIXIE FRANKLIN, Relator

**Original Proceeding from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-09-07141-T**

## MEMORANDUM OPINION
Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Lang-Miers

Relator files this petition for writ of mandamus, seeking relief from the trial court's May 5, 2014 temporary orders. The facts and issues are well known to the parties, so we need not recount them herein. Both the Rule 52.3(j) and 52.3(k) certifications of the petition for writ of mandamus and the appendix are defective. TEX. R. APP. P. 52.3(j), (k). The rule 52.3(j) certification must include the statement that the person filing the petition "has reviewed the petition and concluded that every factual statement is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). The crucial element missing in the rule 52.3(j) certification of this petition is the certification as to the competence of the evidence supporting the petition for writ of mandamus.

The rule 52.3(k) certification of the appendix is defective because the attached documents are not certified copies and relator's counsel only swears that the documents are true and correct copies "to the best of my knowledge and ability" and "to the best of my knowledge." To be a

sworn copy, documents must be attached to a proper affidavit. *Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex. 1986) (per curiam). An affidavit must affirmatively show it is based on the personal knowledge of the affiant. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). An affidavit under Rule 52.3(k) must "positively and unqualifiedly represent the 'facts' as disclosed to be true and within the affiant's personal knowledge." *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding) (citing *Brownlee*, 665 S.W.2d at 112). As in *Butler,* in this case the affiant does not swear to personal knowledge the copy of the documents in the appendix are correct copies of the originals. Rather, she equivocates "to the best of my knowledge," and "to the best of my knowledge and ability." Both of these statements imply less than personal knowledge and do not meet the requirements of rule 52.3(k). *See Butler*, 270 S.W.3d at 759; *Brownlee*, 665 S.W.2d at 112. Because the appendix is deficient under rule 52.3(k), the mandamus record is also deficient under rule 52.7. TEX. R. APP. P. 52.7 (relator must file a record containing "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Because we conclude relators' petition and record are not authenticated as required by the Texas Rules of Appellate Procedure, we **DENY** the petition for writ of mandamus.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

140584F.P05

–2–