**DENY; and Opinion Filed June 2, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-14-00659-CV

---

### IN RE LAKEITH AMIR-SHARIF, Relator

---

**Original Proceeding from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-09-13818-E**

---

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Lang-Miers

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to rule on numerous motions on file in the case for varying periods of time, the oldest of which was filed in December 2009. The facts and issues are well known to the parties, so we need not recount them herein. The rule 52.3(k) certification of the appendix to the petition for writ of mandamus is defective. TEX. R. APP. P. 52.3(k). Rule 52.3(k) requires that the appendix contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k). Although relator attaches numerous documents to his petition in his attempt to show that he filed the motions in the trial court, he has called those motions to the attention of the trial court, and he has not received a setting or a hearing on his motions, none of the documents are sworn or certified copies as required by rule 52.3(k). To be a sworn copy, documents must be attached to a proper affidavit. *Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex. 1986) (per curiam). An affidavit must

affirmatively show it is based on the personal knowledge of the affiant. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). An affidavit under Rule 52.3(k) must "positively and unqualifiedly represent the 'facts' as disclosed to be true and within the affiant's personal knowledge." *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding) (citing *Brownlee*, 665 S.W.2d at 112). An inmate may substitute an unsworn declaration under section 132.001 of the Texas Government Code for the required affidavit. *See In re Taylor,* 28 S.W.3d 240, 245 (Tex. App.—Waco 2000, orig. proceeding) (inmate could substitute unsworn declaration for required verification of petition for writ of mandamus).

Because the appendix is deficient under rule 52.3(k), the mandamus record is also deficient under rule 52.7. TEX. R. APP. P. 52.7 (relator must file a record containing "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Because we conclude relators' petition and record are not authenticated as required by the Texas Rules of Appellate Procedure, we **DENY** the petition for writ of mandamus.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

140659F.P05