

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-15-00034-CR

---

IN RE:  RANDY HENDERSON

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

In the petition of the relator, Randy Henderson, seeking mandamus relief, he claims that he filed a petition with the 202nd Judicial District Court of Bowie County, Texas, in October 2014, wherein he sought a judgment nunc pro tunc. Henderson's petition in this Court alleges that since more than sixty days have elapsed since the filing with no response, an unreasonable delay has ensued. By his petition, Henderson asks this Court to issue a writ of mandamus to "compel the Respondent [(the trial court)] to afford [him] the opportunity to be heard." We read Henderson's request for relief to ask us to compel the trial court to rule on his motion for judgment nunc pro tunc.[1]

We may grant a petition for writ of mandamus when the relator shows that the act sought to be compelled is strictly ministerial in nature and that there is no adequate remedy at law to redress the alleged harm. *Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (per curiam) (orig. proceeding). "In proper cases, mandamus may issue to compel a trial court to act." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *see also Eli Lily & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (per curiam) (orig. proceeding) (trial court abuses discretion by refusing to conduct hearing and render decision on motion); *Chiles v. Schuble*, 788 S.W.2d 205, 207 (Tex. App.—Houston [14th Dist.] 1990, orig. proceeding) (mandamus appropriate remedy to require trial court to hold hearing and exercise

---

[1] We may, where appropriate, direct a trial court to rule on a motion after a reasonable time, but this Court cannot instruct the trial court how to rule. *In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding).

discretion).  Trial courts are not required to consider or rule on a motion unless the motion is called to the court's attention.  *Blakeney*, 254 S.W.3d at 662.

Henderson did not accompany his petition with a certified or sworn copy of the motion that is the subject of his complaint, as is required by the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 52.3(k)(1)(A).  The document he attached to the instant petition bears neither a file stamp nor a certification from the trial court clerk.  Henderson did include an unsworn declaration, declaring under penalty of perjury that he had filed a motion for judgment nunc pro tunc in the trial court "on or about October 16, 2014[,] . . . regarding a clerical error that extended [his] sentence, adding another fifteen (15) year sentence without a judicial proceeding."[2]  However, the statement fails to sufficiently establish that the purported motion attached to the mandamus petition is the same, or a copy of the one, allegedly filed in the trial court.  *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984) (affidavit must set forth sufficient "facts as would be admissible in evidence" to support the position of the applicant).  "Documents that are attached to a properly prepared affidavit are sworn copies."  *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding).  The affidavit "must affirmatively show it is based on the personal knowledge of the affiant"; the affidavit "is insufficient unless the statements in it are direct and unequivocal and perjury can be assigned to them."  *Id*.  While Henderson represents that he filed a motion with the trial court, nothing in his

---

[2]"[A]n unsworn declaration may be used in lieu of a written sworn declaration, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law."  TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(a) (West Supp. 2014).

unsworn declaration establishes that the document he attached to his petition is a copy of the document he claims to have filed in the trial court. Henderson has not attached a certified or sworn copy of the motion "showing the matter complained of" to his petition for writ of mandamus; as a result, he has failed to comply with Rule 52.3(k)(1)(A) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3(k)(1)(A).

In addition to this omission, Henderson has failed to prove in his petition that he brought his motion to the attention of the trial court. "[M]andamus relief . . . must be predicated on an adequate showing that a request for a ruling has been properly and adequately presented to the trial court and that the court has declined to rule." *Blakeney*, 254 S.W.3d at 661. Therefore, we are unable to determine if this matter was brought to the trial court's attention or whether the trial court has had a reasonable time in which to rule on Henderson's motion.

It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *See* TEX. R. APP. P. 33.1(a), 52.3(k)(1)(A), 52.7(a)(1). Here, the record is inadequate to grant mandamus relief.

Accordingly, we deny Henderson's petition for writ of mandamus.

Bailey C. Moseley
Justice

Date Submitted:  March 9, 2015
Date Decided:  March 10, 2015

Do Not Publish