# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00137-CV

---

**Mark Groba, Appellant**

**v.**

**Loree & Lipscomb, Appellee**

---

### FROM THE 425TH JUDICIAL DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 11-1144-C277, THE HONORABLE BETSY F. LAMBETH, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Mark Groba hired a law firm, appellee Loree & Lipscomb, to represent him in litigation against Groba's insurance company German-American Farm Mutual. During its representation of Groba, Loree & Lipscomb advised Groba orally and in writing that a settlement offer made by German-American to settle two of Groba's suits against it for $225,000 was reasonable and should be accepted. After Groba rejected the settlement offer and instructed Loree & Lipscomb to proceed with the litigation, Groba's counsel Robert W. Loree informed Groba that the firm was going to withdraw from representing him because of his unreasonable refusal of the settlement offer, as authorized by the parties' contingent-fee contract. Groba did not object at the subsequent hearing on Loree & Lipscomb's motion to withdraw, which the trial court granted. Loree & Lipscomb then filed a petition in intervention in Groba's cases, asserting its interest for attorneys' fees and litigation expenses. Groba later settled his litigation with German-American

for $240,000, and German-American paid Groba directly without including Loree & Lipscomb as a payee on the settlement check.

Loree & Lipscomb subsequently filed summary-judgment motions on its claims against Groba and his counterclaim against it, which the trial court granted. Groba appeals from the trial court's grant of Loree & Lipscomb's motions for summary judgment. For the reasons explained below, we affirm.

**BACKGROUND**

Loree & Lipscomb represented Groba in approximately fourteen lawsuits involving damages to nine properties in Houston, Texas, after Hurricane Ike, and three properties in Taylor, Texas, after rainstorms and a water-line leak. Loree & Lipscomb filed two lawsuits on Groba's behalf in Williamson County District Court related to the Taylor properties. Those two lawsuits resulted in Groba's settlement with German-American that is at issue in this case. After Groba settled with German-American, the parties agreed to consolidate the two suits and realign the parties with Loree & Lipscomb as intervenor versus German-American and Groba as defendants.

Loree & Lipscomb's original petition in intervention asserted its interest in any recovery that Groba received based on his claims against German-American. Loree & Lipscomb alleged that Groba had "refused to acknowledge and protect the interest of Loree & Lipscomb in this case under their contingent fee contract" and had failed to reimburse it for litigation expenses and costs that it paid on his behalf; the firm also asserted the lien provided under its contingent-fee contract on any monies Groba received in the case. After Groba and German-American settled and Groba nonsuited his claims against German-American, Loree & Lipscomb filed its first supplemental petition in intervention. In that supplemental petition, Loree & Lipscomb asserted

2

additional claims against German-American and Groba for civil conspiracy, breach of contract, breach of assignment, violations of the Texas Theft Liability Act, conversion, and fraud by non-disclosure. The firm also asserted a claim for quantum meruit against Groba. It asserted damages that included its one-third contingent-fee interest of $75,000 in the $225,000 settlement offer made during Groba's representation, plus the advanced litigation costs, as well as interest and exemplary damages. The firm also sought recovery of its attorneys' fees under Texas Civil Practice and Remedies Code Chapter 38 and Section 134.005(b).

Both Groba, acting pro se at the time, and German-American filed general denials after Loree & Lipscomb filed its supplemental petition. Groba subsequently retained counsel who filed an amended supplemental answer, asserting affirmative defenses of ambiguity in the contract and an offset for amounts Loree & Lipscomb allegedly promised but never credited to Groba, as well as a counterclaim seeking a $10,000 credit that Groba asserted the firm promised to him but never gave him and attorneys' fees.

Loree & Lipscomb filed a motion for partial traditional summary judgment on its claims for breach of contract and its attorneys' fees under Texas Civil Practice & Remedies Code Chapter 38 for its suit against Groba. Loree & Lipscomb also moved for no-evidence summary judgment on Groba's affirmative defenses of ambiguity in the contract and offset for amounts promised by the firm and for traditional summary judgment on Groba's counterclaim.[1] The motions were supported by the following evidence:

[1] Loree & Lipscomb argued that Groba's counterclaim for a $10,000 credit was not actionable for three reasons: (1) the firm had already given the credit to Groba in one of his Houston cases for Hurricane Ike damage; (2) the four-year statute of limitations precluded any claim for recovery on the credit as a matter of law; and (3) the alleged credit was only applicable to Hurricane Ike cases, not to the Taylor cases.

- Loree's affidavit, in which he averred that German-American had offered $225,000 to settle the Taylor lawsuits and that he had advised Groba both orally and in writing on several occasions that the offer was reasonable and should be accepted and in which he authenticated the documents submitted as summary-judgment evidence;

- the parties' July 13, 2010 legal-representation agreement;

- Groba and German-American's November 2018 settlement agreement;

- Loree's April 1, 2016 letter to Groba informing him of German-American's earlier $200,000 settlement offer that the firm viewed as reasonable and of the firm's intent to withdraw if Groba rejected the reasonable settlement offer or refused to give the firm the requested settlement authority of $225,000 to $250,000;

- the invoices supporting its claim that it incurred $15,181 in litigation expenses on Groba's behalf in the suit against German-American; and

- the firm's attorney's affidavit and itemized statement of the attorneys' fees that the firm had incurred in pursuing its claims against Groba.

Groba, again acting pro se, filed an unsworn response to the motions, in which he referred to attached documents that were not authenticated or sworn or certified copies, arguing that he fired Loree as his counsel because he was unhappy with his service. He also disputed some of the charges for litigation costs that Loree & Lipscomb claimed as damages and asserted that there was never a "signed offer with German America [sic] for the $200,000 and $225,000." At the summary-judgment hearing, the trial court ruled that it would consider Groba's unsworn response as "his evidence controverting their motion," but it also expressly granted Loree & Lipscomb's objections to Groba's summary-judgment evidence, stating that it would not consider the exhibits attached to the response because they had not been authenticated, ruling that "the

4

Court cannot consider the exhibits because you have not testified that they are true and accurate copies of those agreements."[2]

Also at the hearing on its motions, Loree & Lipscomb informed the trial court that it had settled with German-American after mediation, so the only claims it was continuing to seek recovery on were its claims against Groba for litigation costs and its attorneys' fees for the current litigation to recover those costs. Loree & Lipscomb further informed the trial court that if the court granted both its motions, it would then nonsuit its other claims so that the judgment would become final before the upcoming trial setting.

The trial court took the motions under advisement and later issued a letter ruling, which was followed by a series of orders on the motions. On October 30, 2019, the trial court signed the order on Loree & Lipscomb's no-evidence and traditional summary-judgment motion on Groba's claims, granting the no-evidence motion on Groba's affirmative defenses of ambiguity in the contract and offset, dismissing Groba's counterclaim seeking the $10,000 credit, and awarding Loree & Lipscomb contingent appellate attorneys' fees. On November 4, 2019, it signed an order granting Loree & Lipscomb's motion to nonsuit and dismiss with prejudice the firm's claims for civil conspiracy, violations of the Texas Theft Liability Act, conversion, fraud by non-disclosure, and quantum meruit. On November 20, 2019, it signed an order granting Loree & Lipscomb's traditional summary-judgment motion on the firm's own claims, resulting in a final judgment disposing of all parties and claims. The November 20, 2019 order awarded Loree & Lipscomb $15,181.00, plus prejudgment interest and court costs in the amount of $2,314.27, and $15,083.24 as reasonable and necessary attorneys' fees for prosecuting their claim against Groba,

---

[2] Loree & Lipscomb did not object to the trial court's ruling that it would consider Groba's unsworn response as his evidence responsive to the summary-judgment motions.

5

for a total recovery of $32,578.61, plus postjudgment interest; the order also awarded the firm contingent appellate attorneys' fees. This appeal followed.

## ANALYSIS

In a single issue, Groba challenges the trial court's grant of Loree & Lipscomb's motions for summary judgment. In support of this issue, as his primary challenge to the summary judgments granted in favor of Loree & Lipscomb, Groba contends that the contract was ambiguous and thus should not be enforced against him. He makes the related argument that his unsworn response raised a disputed issue of material fact about the meaning of Paragraph 2 of the contract. Groba also raises two arguments related to the evidence he submitted with his summary-judgment response, asserting that (1) the trial court erroneously excluded a discovery response (Loree & Lipscomb's response to his written interrogatories) submitted with his summary-judgment response and (2) because Loree & Lipscomb failed to obtain a written ruling on its objections to Groba's evidence, we should consider on appeal the unauthenticated evidence that Groba submitted. In response, Loree & Lipscomb contends that the trial court properly granted its summary-judgment motion because the contract was not ambiguous, Groba's response did not raise a fact issue about the meaning of the contract, Groba's summary-judgment evidence was properly excluded and its exclusion preserved, and the firm established it was entitled to judgment as a matter of law on each element of its breach-of-contract claim.

### Standard of review

We review the trial court's decision to grant summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a summary-judgment motion, the movant must demonstrate that there are no genuine issues of material fact and that it

6

is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When the trial court does not specify the grounds for granting the motion, we must uphold the judgment if any ground asserted in the motion and preserved for appellate review is meritorious. *Id.* at 216.

A movant seeking traditional summary judgment on its own claim has the initial burden of establishing its entitlement to judgment as a matter of law by conclusively establishing each element of its claim. *Trudy's Tex. Star, Inc. v. City of Austin*, 307 S.W.3d 894, 905 (Tex. App.—Austin 2010, no pet.) (citing *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam)); *see also Marx v. FDP, LP*, 474 S.W.3d 368, 377 (Tex. App.—San Antonio 2015, pet. denied). Once the movant meets this burden, the burden shifts to the nonmovant to defeat the motion for summary judgment by presenting evidence creating a genuine issue of material fact. *Trudy's Tex. Star*, 307 S.W.3d at 905; *see also Marx*, 474 S.W.3d at 377. When, as in this case, the nonmovant relies on an affirmative defense to defeat a summary judgment, the nonmovant "must present evidence sufficient to raise a fact issue on each element of the affirmative defense." *Trudy's Tex. Star*, 307 S.W.3d at 905-06 (citing *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984)); *see also Marx*, 474 S.W.3d at 378 (explaining that nonmovant's mere pleading of affirmative defense does not prevent rendition of summary judgment for movant who has conclusively established each element of its claim as matter of law).

To defeat a no-evidence motion, like the one Loree & Lipscomb filed on Groba's affirmative defenses of ambiguity and offset, the nonmovant must produce at least a scintilla of

7

evidence raising a genuine issue of material fact as to the challenged elements. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

Groba's argument on appeal requires us to construe the parties' contract. Whether a contract is ambiguous is a question of law for the court to decide. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). When we construe a contract, "we must ascertain and give effect to the parties' intentions as expressed in the document." *Frost Nat'l Bank v. L & F Distribs., Ltd.*, 165 S.W.3d 310, 311-12 (Tex. 2005) (per curiam). "To achieve this objective, we must examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless." *J.M. Davidson, Inc.*, 128 S.W.3d at 229. "No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument." *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). A contract is unambiguous if it can be given a definite or certain legal meaning. *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996). But if the contract is subject to two or more reasonable interpretations after applying the pertinent rules of construction, the contract is ambiguous, creating a fact issue on the parties' intent, *id.*, and granting a motion for summary judgment is improper, *Coker*, 650 S.W.2d at 394.

**The language of the contingent-fee contract**

We first address the central issue in this case—whether the contract provision allowing Loree & Lipscomb to withdraw if Groba refused to accept a reasonable settlement offer is ambiguous. Groba argues that he raised an issue of material fact concerning the meaning of

Paragraph 2 of the contract because that paragraph "would cause an ordinary person to believe that if the representation ended by attorney's choice then there would not be any funds required to be paid."[3]  Paragraph 2 of the contract provides in relevant part:

> If Attorney chooses not to pursue or to discontinue any litigation, unless otherwise herein provided, Client shall not be obligated to pay attorney's fees or reimburse Attorney's expenses advanced on behalf of client.

Groba asserts that the contract is ambiguous because this language conflicts with Loree & Lipscomb's argument in its summary-judgment motions that it was entitled to recover reimbursement of expenses and attorneys' fees after withdrawing from its representation of Groba. Groba further argues that the provision in Paragraph 3, which irrevocably assigns a percentage of his claims to the firm and establishes his agreement to pay the firm a contingent fee of any recovery, should not be considered to carve out an exception to Paragraph 2 because it would render the relevant provision of Paragraph 2 meaningless.  However, Loree & Lipscomb relies on Paragraph 6 of the contract to establish its right to recover under the contract.  Paragraph 6 provides in relevant part:

---

[3]  Loree & Lipscomb disputes Groba's contention that his summary-judgment response raised a disputed fact issue, asserting that Groba presented no argument to the trial court that the contract was ambiguous and thus we should not address this argument on appeal.  While Groba's pro se summary-judgment response does not make a clear argument about his affirmative defense of ambiguity, it states that he objects to the no-evidence motion.  In addition, in support of its no-evidence motion, Loree & Lipscomb argued at the summary-judgment hearing that the contract is unambiguous on its face.  While we do not consider on appeal grounds not raised in the trial court in opposition to a summary-judgment motion, *see City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 676 (Tex. 1979); *see also* Tex. R. Civ. P. 166a(c), under the circumstances here, we assume without deciding that this question of law was adequately presented to the trial court for its review.  Accordingly, we will consider whether the contract was ambiguous as a matter of law or if there is a fact issue regarding the parties' intent.

Nevertheless, if in Attorney's opinion a fair and reasonable settlement offer has been made and Client rejects the advice of Attorney to settle, Client, at Attorney's option, shall be obligated to immediately reimburse Attorney for costs and expenses incurred to that time. Attorney may also withdraw from the case and retain a lien on said claims and causes of action for the attorney's fees and expenses referred to above.

Although Groba argues that he has raised an issue of material fact about the contract's ambiguity, as we noted above, "[w]hether a contract is ambiguous is itself a question of law." *American Mfrs. Mut. Ins. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003). An ambiguity does not arise simply because the parties offer conflicting interpretations of the contract. *Columbia Gas*, 940 S.W.2d at 589. "For an ambiguity to exist, both interpretations must be *reasonable.*" *Id.*

We must decide whether there is more than one reasonable interpretation of this contract, which would create a fact issue concerning the parties' intent. *See id.* Considering the contract as a whole, and giving each part of the contract effect, we conclude that the only reasonable interpretation is that Paragraph 6 sets forth an exception to Paragraph 2. In other words, Paragraph 6 "otherwise herein provide[s]"—as allowed by Paragraph 2—parameters under which the attorney may withdraw from the case but still be entitled to reimbursement from the client for costs and expenses incurred to that time and to retain a lien on the client's claims for the attorney's fees and expenses. No conflict exists between Paragraph 2 and Paragraph 6. We hold that the contract is unambiguous as a matter of law.

The trial court's ruling that the contract was unambiguous is the only aspect of the summary judgments granted against him that Groba has challenged on appeal. The only other arguments that he has briefed are related to his submitted summary-judgment evidence. Groba argues that (1) the trial court erroneously excluded the evidence of Loree & Lipscomb's response to his written interrogatories, which he submitted with his summary-judgment response; and

10

(2) because Loree & Lipscomb failed to obtain a written ruling on its objections to the evidence submitted by Groba, we should consider on appeal the unauthenticated evidence that Groba submitted with his summary-judgment response. However, he fails to explain how this allegedly erroneously excluded evidence would rebut the evidence presented by Loree & Lipscomb in support of its traditional summary-judgment motion on its breach-of-contract claim. Nor does he offer any explanation of how this evidence would demonstrate error in the trial court's summary-judgment rulings on any of his affirmative defenses or his counterclaim. And, as we have explained, because we have concluded that the contract is unambiguous as a matter of law, we cannot consider any evidence outside the contract to determine whether it is possible to enforce the contract as written. *See J.M. Davidson, Inc.*, 128 S.W.3d at 229. Accordingly, we need not reach Groba's arguments about the trial court's rulings on his summary-judgment evidence. *See* Tex. R. App. P. 47.1 (courts of appeals must hand down written opinions that are as brief as practicable but that address every issue raised and necessary to final disposition of appeal). We overrule Groba's sole issue on appeal.

## CONCLUSION

Having overruled Groba's sole issue, we affirm the trial court's judgment.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Triana, and Smith

Affirmed

Filed: July 22, 2021

11