LUNSFORD CONSULTING GROUP, INC., William B. Lunsford, Sr., William B. Lunsford Jr., and Michael D. Kiser, Appellants,

v.

**CRESCENT REAL ESTATE FUNDING VIII, L.P.,**
Appellee.

No. 01–01–00449–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 23, 2002.

Mark Douglas Goranson, Law Offices of Mark D. Goranson, Houston, Misti Lachelle Beanland, Matthews, Carlton, Stein, Shiels, etc., Dallas, for Appellant.

Laurie B. Easter, Carole Elaine Howard, Jackson Walker, L.L.P., Houston, for Appellee.

Panel consists of Chief Justice SCHNEIDER, and Justices TAFT and RADACK.

## OPINION

TIM TAFT, Justice.

On October 18, 2001, we granted an interlocutory motion to withdraw the appeal of Lunsford Consulting Group, Inc. (Lunsford Consulting), William B. Lunsford, Sr., and William B. Lunsford, Jr. Michael D. Kiser is the remaining appellant on appeal. Kiser challenges summary judgment rendered against him in this commercial lease suit. In three points of error, Kiser contends that the trial court erred because: (1) the lease violated public policy; (2) summary judgment was inappropriately granted based on the affidavit of Ted Freyer; and (3) no judicial admission prevented Kiser from contesting the date he entered into the lease. We review whether the trial court erred in granting summary judgment in favor of appellee, Crescent Real Estate Funding VIII, L.P. (Crescent). We affirm.

## Facts

CDI / East Houston Venture I, L.P. (CDI) and Lunsford Consulting entered into a commercial lease (the Lease), to commence on September 1, 1997 and expire on August 31, 2002. Crescent is the successor company to CDI for purposes of the Lease. The Lease had blank spaces for the date it was to be executed and entered into, but the parties did not fill in these spaces. Lunsford Sr., Lunsford Jr.,

and Kiser signed as personal guarantors in the continuing lease guaranty (the guaranty), which also lacked execution dates.

Lunsford Consulting abandoned the Lease in August 1998. Kiser continued to make rent payments until April 1999, when he located a potential tenant to assume the rent at the full rental amount provided in the Lease, but Crescent rejected the potential tenant. Crescent relet the property on May 1, 2000, and then sued Lunsford Consulting and all the personal guarantors for breach of contract and breach of guaranty.

Kiser filed a general denial of every allegation. Lunsford Consulting, Lunsford Jr., and Lunsford Sr., filed their first amended answer denying the allegations and also raised the affirmative defense that Crescent had failed to mitigate its damages by not using objectively reasonable standards to relet the property in question. Crescent filed a motion for summary judgment alleging it had no duty to mitigate damages under section 5.08(h) of the Lease, which stated:

> Upon termination or repossession of the Leased Premises for an Event of Default, Landlord shall not be obligated to relet or attempt to relet the Leased Premises, or any portion thereof, or to collect rental after reletting, the Landlord shall have the option to relet or attempt to relet. In the event of reletting, Landlord may relet the whole or any portion of the Leased Premises for any period, to any tenant, and for any use and purpose.

Lunsford Consulting, Lunsford Sr., Lunsford Jr., and Kiser (collectively, the defendants), responded to the motion for summary judgment by arguing that section 91.006 of the Texas Property Code

requires a landlord to mitigate damages. *See* TEX. PROP.CODE ANN. § 91.006 (Vernon Supp.2002). Crescent responded that the statute did not apply because the Lease was entered into on August 14, 1997, and thus before the September 1, 1997 effective date of the statute. *Id.* Crescent also offered the affidavit of Ted Freyer, the general manager of the property in question, who stated that on August 14, 1997, CDI, the predecessor of Crescent, entered into a lease agreement with Lunsford Consulting.

The defendants argued that Freyer's affidavit was not based on personal knowledge and was conclusory. They asked that summary judgment be denied to permit more discovery on the issue of mitigation. Although the defendants stated in the preliminary statement of the response to the motion for summary judgment that the Lease was entered into on August 14, 1997, they argued later in their response that the Lease was effective September 1, 1997. Crescent replied to defendants' response by arguing that section 91.006 of the Property Code did not apply. The defendants filed a supplemental response to the motion for summary judgment objecting to the affidavit of Freyer as support for summary judgment.

At the hearing on Crescent's motion for summary judgment, Crescent argued that the defendants' statement regarding the "entered into date" in the response to summary judgment constituted an admission. The trial court disagreed and granted the defendants' oral request to amend their response by changing the date in their response to the motion for summary judgment from August 14, 1997, to September 1, 1997. Nevertheless, the trial court granted summary judgment in favor of Crescent.

The defendants filed a motion for new trial contending they raised a fact issue as to the date they entered into the Lease. In support of their motion, they filed an affidavit from Robert Bain, a commercial broker who represented Lunsford Group, who stated he received the fully executed Lease shortly after September 11, 1997. The defendants also continued to argue that Freyer's affidavit was conclusory, and that he lacked personal knowledge of the date the Lease was entered into. The trial court denied the defendants' motion for new trial.

## Summary Judgment

Movants who seek summary judgment under Rule 166a(c) must show there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, we take evidence favorable to the nonmovant as true. *Randall's Food Mkts., Inc.,* 891 S.W.2d at 644; *Nixon,* 690 S.W.2d at 548–49. We also indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Randall's Food Mkts., Inc.,* 891 S.W.2d at 644; *Nixon,* 690 S.W.2d at 549. If the movant's summary judgment proof facially establishes the movant's right to judgment as a matter of law, then the burden shifts to the nonmovant to raise an issue of fact on one of the elements of the movant's claim or each element of an affirmative defense. *Texas Monthly, Inc. v. Transamerican Natural Gas Corp.,* 7 S.W.3d 801, 805 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

To defeat summary judgment by raising an affirmative defense, the nonmovant must do more than just plead the affirmative defense. *American Petrofina,*

*Inc. v. Allen,* 887 S.W.2d 829, 830 (Tex. 1994). The nonmovant must present summary judgment evidence that raises that defense. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984). If the nonmovant does not raise a fact issue on each element, there is no defense. *Id.* at 112.

■ Because the trial court did not state the grounds on which it granted summary judgment, we may affirm if any of the grounds in the summary judgment motion supports the judgment. *Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 626 (Tex.1996).

### Duty to Mitigate Damages

In his first point of error, Kiser contends the Lease violated public policy by allowing Crescent to contractually avoid the duty to mitigate damages.

■ Kiser concedes he breached the Lease. Consequently, Crescent established all the elements of a breach of contract, and, as a matter of law, is entitled to judgment on that cause of action. To defeat summary judgment, Kiser raised the affirmative defense of mitigation.

A landlord's duty to mitigate damages is statutory:

### Section 91.006. Landlord's Duty to Mitigate Damages

(a) A landlord has a duty to mitigate damages if a tenant abandons the leased premises in violation of the lease.

(b) A provision of a lease that purports to waive a right or to exempt a landlord from a liability or duty under this section is void.

TEX. PROP.CODE ANN. § 91.006 (Vernon Supp.2002).

The statute only applies, however, to leases entered into on or after September 1, 1997. *See* Acts 1997, 75th Leg., R.S., ch. 1205, § 16(a), 1997 Tex. Gen. Laws 4632, 4632. Before September 1, 1997, a commercial landlord and tenant could contractually avoid the landlord's duty to mitigate damages after a lease default. *Austin Hill Country Realty, Inc. v. Palisades Plaza, Inc.,* 948 S.W.2d 293, 299 (Tex. 1997); *Stucki v. Noble,* 963 S.W.2d 776, 781 (Tex.App.-San Antonio 1998, pet. denied). Kiser contends *Austin Hill* condemns lease clauses that eliminate a landlord's duty to mitigate damages as against public policy. The supreme court clearly envisioned, however, that a landlord and tenant could contractually avoid the landlord's duty to mitigate damages:

> We therefore recognize that a landlord has a duty to make reasonable efforts to mitigate damages when the tenant breaches the lease and abandons the property, *unless the commercial landlord and tenant contract otherwise.*

*Austin Hill,* 948 S.W.2d at 299 (emphasis added).

In 1997, the legislature passed a statute, effective September 1, 1999, that required a landlord to mitigate damages after breach of a lease and declared any clause to the contrary void. TEX. PROP. CODE ANN. § 91.006 (Vernon Supp.2002). We hold that a lease entered into before September 1, 1997, requires a landlord to mitigate damages, unless the parties agree otherwise, but a lease entered into after September 1, 1997, requires a landlord to mitigate damages, and any clause to the contrary is void. *See* TEX. PROP. CODE ANN. § 91.006 (Vernon Supp.2002); *Austin Hill,* 948 S.W.2d at 299.

Because Crescent had established all of the elements of its claim, it became Kiser's burden to raise a fact issue, either as to an element of the claim, or as to each element of an affirmative defense. *See Texas Monthly,* 7 S.W.3d at 805. Kiser concedes that Crescent established all the elements

of breach of contract. Accordingly, Kiser had to present summary judgment evidence that raised a fact issue as to each element of the affirmative defense of mitigation. *Brownlee,* 665 S.W.2d at 112. As a threshold issue, however, Kiser had to show that the affirmative defense was available to him. Thus, he had a duty to present summary judgment evidence that raised a fact issue on whether the Lease was entered into on or after September 1, 1997, the effective date of Section 91.006 of the Property Code. Crescent had no burden to bring forth any evidence to contest the availability of Kiser's affirmative defense. *See Brownlee,* 665 S.W.2d at 112.

Kiser presented no evidence at the summary judgment hearing, but attacked Crescent's affidavit evidence as conclusory and made without personal knowledge. This attack is insufficient to create a fact issue on whether mitigation was available as an affirmative defense. Even if Freyer's affidavit was conclusory and without personal knowledge with regard to the date the Lease was entered into, there is no evidence that the Lease was executed on or after September 1, 1997, to give rise to the affirmative defense of mitigation. Because it was Kiser's burden to raise some evidence that created a fact issue on the availability of mitigation as an affirmative defense, Kiser could not rely on mitigation as an affirmative defense. *See Brownlee,* 665 S.W.2d at 112.

At the hearing on Kiser's motion for new trial, Kiser presented the affidavit of Robert Bain, a commercial broker who represented Lunsford Group, who stated he received the fully executed Lease shortly after September 11, 1997. This evidence, too, did not raise a fact issue about when the Lease was entered into because it related only to events that occurred after the Lease was executed. Because Kiser was relying on an affirmative defense to defeat summary judgment, he had to produce summary judgment evidence that raised a fact issue on each element of the affirmative defense. *See Brownlee,* 665 S.W.2d at 112. Because he did not, the trial court properly rendered summary judgment in favor of Crescent.

Because Kiser did not meet his burden of producing summary judgment evidence raising a fact issue on the affirmative defense of mitigation, we need not address whether the Lease violated public policy, whether the affidavit of Ted Freyer was proper, or whether a judicial admission prevented Kiser from contesting the date he entered into the Lease.

### Conclusion

We affirm the judgment of the trial court.