Opinion filed March 12, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed March 12,
2009

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00025-CV

                                                    __________

 

                                  SUN-KEY OIL CO., INC., Appellant

 

                                                             V.

 

ERNEST CANNON AND MONCRIEF
MINERALS PARTNERSHIP, L.P., Appellees

 



 

                                         On
Appeal from the 266th District Court

 

                                                           Erath
County, Texas

 

                                                    Trial
Court Cause No. 27585

 



 

                                              M E
M O R A N D U M  O P I N I O N








Ernest
Cannon and Moncrief Minerals Partnership, L.P., owned undivided mineral
interests in a 352-acre tract of land.  A 1973 oil and gas lease covered the
352 acres.  Sun-Key Oil Co., Inc. operated the 352 acres as an assignee of the
lease.  In this cause, Cannon and Moncrief alleged that the 1973 lease had
terminated as a result of a total cessation of production after the primary
term or, alternatively, a cessation of production in paying quantities after
the primary term.  Therefore, Cannon and Moncrief each sought a declaratory
judgment terminating the lease.  Moncrief moved for partial summary judgment on
its total cessation of production theory.  The trial court entered an order
granting Moncrief=s
motion and, based on its ruling on Moncrief=s
motion, entered a final judgment in favor of Cannon and Moncrief declaring that
the lease had terminated.  We affirm.

                                                               Background
Facts

The
1973 lease covered a total of 6,518 acres, including the Parkey Ranch.  The
lease created eleven units within the 6,518 acres and provided that Aeach unit will be
independent of the other units as though covered by a separate lease.@  The lease had a primary
term of five years and a secondary term for Aas
long thereafter as oil or gas is produced therefrom, subject to the conditions
as hereinafter provided.@ 
The lessee completed the Parkey Well No. 1 on one of the units covered by the
lease.  The well produced gas, and the lessee designated the well as the AParkey Ranch Unit No. 1,
Well No. 1@ production
unit covering 352 acres.  This 352-acre production unit is the subject of this
case.

Cannon
filed this suit against Sun-Key on December 13, 2004.  He alleged that he owned
the surface estate and an undivided one-half mineral interest in the 352
acres.  He also alleged that the lease had terminated as a result of a total
cessation of production or a cessation of production in paying quantities from
the Parkey Well No. 1 Abetween
October 1995 and July 1997.@ 
During that time, D and N Natural Gas Operating Co., Inc. operated the unit as
an assignee of the lease.  In 1998, Sun-Key acquired D and N=s interest in the lease and
began operating the unit.  Cannon also alleged that there had been a total
cessation of production or a cessation of production in paying quantities
during Sun-Key=s
operation of the unit.  Based on the alleged lack of production, Cannon sought
a declaratory judgment that the lease had terminated.








Cannon
had filed an earlier suit against Sun-Key on September 28, 1998.  In the
earlier suit, Cannon sought a declaratory judgment that the lease had
terminated based on allegations that were virtually identical to some of his
allegations in this cause.  For example, Cannon alleged in the earlier suit
that there had been a total cessation of production or a cessation of
production in paying quantities Abetween
October 1995 and July 1997.@ 
Cannon=s earlier suit
proceeded to a jury trial.  Following the jury trial, on July 3, 2002, the
trial court entered a take-nothing judgment against Cannon on his declaratory
judgment claim.  Cannon appealed the trial court=s
judgment to this court, and we affirmed the judgment.  Cannon v. Sun-Key Oil
Co., 117 S.W.3d 416 (Tex. App.CEastland
2003, pet. denied).  

Sun-Key
raised the affirmative defense of res judicata in this cause based on the trial
court=s judgment in
the earlier suit.  Sun-Key moved for summary judgment on the ground that res
judicata barred Cannon=s
claims in this cause.  On July 30, 2005, the trial court entered an order
granting summary judgment Ato
the extent that the affirmative defense of res judicata bar[red] all claims and
causes of action of [Cannon] during all periods of time prior to July 3, 2002.@

On
November 21, 2005, Moncrief intervened in this cause.  Moncrief alleged that it
owned an undivided 20% mineral interest in the subject 352 acres.  Moncrief=s allegations and claims
were identical in many respects to Cannon=s
allegations and claims.  Like Cannon, Moncrief alleged that the lease had
terminated as a result of a total cessation of production or a cessation of production
in paying quantities Abetween
October 1995 and July 1997.@ 
Moncrief sought a declaratory judgment that the lease had terminated.

Sun-Key
answered Moncrief=s
plea in intervention.  In its answer, Sun-Key raised affirmative defenses of
res judicata, collateral estoppel, repudiation, and adverse possession under
the three- and five-year statutes.[1]

Moncrief
filed a motion for partial summary judgment on its total cessation of
production theory.  In its motion, Moncrief asserted that the lease had
terminated Adue to
total cessation of production for a period of 20 months from November 1995 to
June 1997.@  Sun-Key
did not file a response to Moncrief=s
motion.  Instead, Sun-Key filed a motion for partial summary judgment against
Moncrief on its adverse possession claims.  Moncrief filed a response to
Sun-Key=s motion. 
Sun-Key also filed a no-evidence motion for summary judgment against Cannon. 
In the motion, Sun-Key asserted that there was no evidence that a total
cessation of production or that a cessation of production in paying quantities
had occurred on or after July 3, 2002.  Cannon filed a response to Sun-Key=s no-evidence motion.








On
August 5, 2006, the trial court entered orders (1) granting Moncrief=s motion for partial
summary judgment, (2) denying Sun-Key=s
motion for partial summary judgment against Moncrief, and (3) denying Sun-Key=s no-evidence motion for
summary judgment against Cannon.  On January 18, 2007, the trial court entered
a final judgment.  In the judgment, the trial court, among other things,
declared that the 1973 lease and the 1979 Parkey Ranch Unit No. 1, Well No. 1,
Designation of Production Unit Aconstitute[d]
a cloud on the title of [Cannon] and [Moncrief] as to the lands described in
such recorded instruments and that the same ha[d] terminated and [were] void
and of no further force and effect.@ 
The trial court stated in the judgment that A[t]his
judgment finally disposes of all parties and claims in this cause and is a
Final Judgment.@

Arguments
Presented

Sun-Key
presents three points of error.  In its first point, Sun-Key asserts that the
trial court erred in denying its motion for partial summary judgment against
Moncrief based on its affirmative defenses of adverse possession under the
three- and five-year statutes.  In its second point, Sun-Key asserts that the
trial court erred in granting partial summary judgment in favor of Moncrief
terminating the lease because res judicata, collateral estoppel, and the three-
and five-year adverse possession statutes barred Moncrief=s claim.  In its third
point, Sun-Key asserts that the trial court erred in denying its no-evidence
motion for summary judgment against Cannon.

                                        Moncrief=s Total Cessation of
Production Claim








Moncrief
moved for a traditional summary judgment on its total cessation of production
claim.  A trial court must grant a traditional motion for summary judgment if
the moving party establishes that no genuine issue of material fact exists and
that the movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991).  If the movant=s summary judgment evidence
facially establishes a right to summary judgment, then the burden shifts to the
nonmovant to raise an issue of fact on one of the elements of the movant=s claim or on each element
of an affirmative defense.  Lunsford Consulting Group, Inc. v. Crescent Real
Estate Funding VIII, L.P., 77 S.W.3d 473, 475 (Tex. App.CHouston [1st Dist.] 2002,
no pet.).  When reviewing a traditional summary judgment, the appellate court
considers all the evidence and takes as true evidence favorable to the
nonmovant.  Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex.
1997); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex.
1985).  The appellate court Amust
consider whether reasonable and fair-minded jurors could differ in their
conclusions in light of all of the evidence presented@ and may not ignore Aundisputed evidence in the record that cannot
be disregarded.@  Goodyear
Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 755, 757 (Tex. 2007).

To
defeat summary judgment by raising an affirmative defense, the nonmovant must
do more than just plead the affirmative defense.  Am. Petrofina, Inc. v.
Allen, 887 S.W.2d 829, 830 (Tex. 1994); Lunsford Consulting, 77
S.W.3d at 475-76.  The nonmovant must present summary judgment evidence that
raises a fact issue on each element of the defense.  Brownlee v. Brownlee,
665 S.W.2d 111, 112 (Tex. 1984); Lunsford Consulting, 77 S.W.3d at 476.

A
Atotal cessation of
production@ occurs
when a well that has been producing gas ceases to produce any quantity of gas. 
Cannon, 117 S.W.3d at 421.  Moncrief presented summary judgment evidence
that the Parkey Well No. 1 did not produce gas from November 1995 to June
1997.  Moncrief=s
summary judgment evidence facially established its right to summary judgment
that the lease had terminated as a result of a total cessation of production. 
The summary judgment burden shifted to Sun-Key to raise an issue of fact on one
of the elements of Moncrief=s
claim or on each element of an affirmative defense.  Lunsford Consulting,
77 S.W.3d at 475.

On
appeal, Sun-Key argues that the trial court erred in granting Moncrief=s motion for partial
summary judgment because res judicata, collateral estoppel, and the three- and
five-year adverse possession statutes barred Moncrief=s claim.  Sun-Key pleaded these affirmative
defenses in response to Moncrief=s
plea in intervention.  However, Sun-Key did not file a response to Moncrief=s motion for partial
summary judgment and, therefore, did not present summary judgment evidence in
support of its affirmative defenses.  Sun-Key failed to meet its summary
judgment burden of raising a fact issue on each element of an affirmative
defense.

The
trial court did not err in granting Moncrief=s
motion for partial summary judgment.  We overrule Sun-Key=s second point of error. 
Because Moncrief met its summary judgment burden of establishing a total
cessation of production, the trial court did not err in entering a declaratory
judgment in favor of Moncrief that the lease had terminated.  In the final
judgment, the trial court also entered a declaratory judgment in favor of
Cannon that the lease had terminated.  Sun-Key has not raised an appellate
issue attacking the declaratory judgment in favor of Cannon. Therefore, we must
affirm the declaratory judgment in favor of Cannon.  Jacobs v. Satterwhite,
65 S.W.3d 653, 655-56 (Tex. 2001).








                                     Sun-Key=s Adverse Possession
Affirmative Defenses

Sun-Key
moved for traditional summary judgment against Moncrief on its adverse
possession affirmative defenses.  Sun-Key argues that it acquired title to a
leasehold interest under the three- and five-year adverse possession statutes. 
A defendant is entitled to summary judgment if it establishes an affirmative
defense as a matter of law.  Am. Tobacco Co., 951 S.W.2d at 425; Sci.
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).

To
acquire title under a statute of limitations, the statute=s requirements must be met. 
Natural Gas Pipeline Co. of Am. v. Pool, 124 S.W.3d 188, 193 (Tex. 2003). 
The three-year statute provides that A[a]
person must bring suit to recover real property held by another in peaceable
and adverse possession under title or color of title not later than three years
after the day the cause of action accrues.@ 
Section 16.024.  The five-year statute provides as follows:

(a)
A person must bring suit not later than five years after the day the cause of
action accrues to recover real property held in peaceable and adverse
possession by another who:

 

(1)
cultivates, uses, or enjoys the property;

 

(2)
pays applicable taxes on the property; and

 

(3)
claims the property under a duly registered deed.

 

Section
16.025(a).  AAdverse
possession@ is defined
as Aan actual and
visible appropriation of real property, commenced and continued under a claim
of right that is inconsistent with and is hostile to the claim of another
person.@  Tex. Civ. Prac. & Rem. Code Ann. ' 16.021(1) (Vernon 2002).  APeaceable possession@ is defined as Apossession of real property
that is continuous and is not interrupted by an adverse suit to recover the
property.@  Tex. Civ. Prac. & Rem. Code Ann. ' 16.021(3) (Vernon
2002).








One
seeking to establish title to land by virtue of the statute of limitations has
the burden of establishing all the required elements.  Rhodes v. Cahill,
802 S.W.2d 643, 645 (Tex. 1990).  The question of adverse possession is
normally a question of fact, so only in rare circumstances is a court justified
in holding that adverse possession has been established as a matter of law.  Id.
at 646; Harlow v. Giles, 132 S.W.3d 641, 647 (Tex. App.CEastland 2004, pet.
denied).  To establish adverse possession as a matter of law, the claimant must
show by undisputed evidence that it adversely possessed the property
continuously for the statutory period.  Bywaters v. Gannon, 686 S.W.2d
593, 595 (Tex. 1985).  The claimant must submit undisputed and conclusive
evidence of probative force on each essential element of adverse possession,
and inferences are never indulged in its favor.  Id.

Sun-Key
presented an affidavit from L.H. Jones, its president, in support of its motion
for summary judgment.  Jones stated in the affidavit (1) that Sun-Key acquired
its interest in the subject lease on July 8, 1998; (2) that he was familiar
with the operations on the Parkey No. 1 Gas Unit; (3) that Sun-Key had
continuously conducted operations on the subject property since acquiring its
interest; (4) that he had conducted or supervised leasehold operations; (5)
that the operations had been conducted Aon
an almost daily basis@;
(6) that no cessation of production had occurred on the Parkey No. 1 Unit after
Sun-Key acquired its interests; (7) that royalties Adue and payable to the Lessors@ had been timely paid or
had been suspended while waiting for particular interest owners to execute
division orders; (8) that Sun-Key, as lease operator, had placed Athe appropriate signs
required by the Railroad Commission of Texas@
on the premises; (9) that Sun-Key=s
operations had been Aopen, notorious, and
exclusive@; and (10)
that no other entity had conducted such operations on the premises.  Jones also
stated that Sun-Key had paid the applicable taxes on the property.  Jones
attached to his affidavit true and correct copies of payment receipts showing
payment of taxes for the years 1998 through 2005.








Jones=s affidavit provided some
evidence that Sun-Key had conducted some operations on the premises.  However,
some of the statements in Jones=s
affidavit were conclusory in nature and were not supported by factual detail. 
Sun-Key had the summary judgment burden of establishing Aadverse possession@ as that term is defined in Section 16.021(1)
of the Civil Practice and Remedies Code.  Sun-Key=s
summary judgment evidence was insufficient to prove Aan actual and visible appropriation of real
property, commenced and continued under a claim of right that is inconsistent
with and is hostile to the claim of another person@ as a matter of law.  In contrast, the supreme
court in Pool held that the evidence presented at trial was sufficient
to establish an open, notorious, and hostile use of the property as a matter of
law.  124 S.W.3d at 197-99.  This cause is distinguishable from Pool. 
In Pool, the adverse possession claimants presented detailed evidence
establishing the nature of their use of the property and the elements of their
adverse possession claims.  The summary judgment record in this cause lacks the
type of evidence that the adverse possession claimants presented in Pool.

Because
Sun-Key failed to prove Aadverse
possession@ under
Section 16.021(1) as a matter of law, the trial court did not err in denying
Sun-Key=s motion for
partial summary judgment against Moncrief.  We overrule Sun-Key=s first point.  We need not
consider whether Sun-Key established the other elements of its adverse
possession claims.  Tex. R. App. P.
47.1.

                                  Sun-Key=s No-Evidence Motion for
Summary Judgment

Sun-Key
moved for summary judgment against Cannon on the ground that there was no
evidence that a total cessation of production or that a cessation of production
in paying quantities had occurred on or after July 3, 2002.  In its third
point, Sun-Key asserts that the trial court erred in denying its no-evidence
motion for summary judgment.  Sun-Key=s
third point is moot in light of the trial court=s
unchallenged declaratory judgment in favor of Cannon terminating the lease. 
Therefore, we need not address Sun-Key=s
third point.  Rule 47.1.

                                                               This
Court=s Ruling

We
affirm the judgment of the trial court.

 

 

TERRY McCALL

JUSTICE

 

March 12, 2009

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]See Tex. Civ. Prac. & Rem. Code Ann. '' 16.024-.025 (Vernon 2002).