**Denied and Opinion Filed March 14, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-19-00269-CV
_____

### IN RE MICHAEL DWAYNE WILLIAMS, Relator

**Original Proceeding from the County Criminal Court No. 10
Dallas County, Texas
Trial Court Cause No. MA8359627**

## MEMORANDUM OPINION

Before Justices Bridges, Osborne, and Carlyle
Opinion by Justice Carlyle

In this original proceeding, relator seeks a writ of mandamus directing the trial court to rule

on an article 11.072 application for writ of habeas corpus purportedly filed in the trial court on

August 9, 2018. Relator maintains that the State did not file a response to the application and the

statutory deadline for the trial court to rule on the application has passed. TEX. CODE CRIM. PROC.

ANN. art. 11.072, § 6(a).

To establish a right to mandamus relief in a criminal case, the relator must show that the

trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel.*

*Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). A trial court has a

ministerial duty to rule upon a properly filed and timely presented motion. *See State ex rel. Young*

*v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig.

proceeding). As the party seeking relief, the relator has the burden of providing the Court with a

sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); TEX. R. APP. P. 52.3, 52.7.

"Because the record in a mandamus proceeding is assembled by the parties, this Court strictly enforces the authentication requirements of rule 52 to ensure the integrity of the mandamus record." *In re McKinney*, No. 05-14-01513-CV, 2014 WL 7399301, at *1 (Tex. App.—Dallas Dec. 15, 2014, orig. proceeding) (mem. op.) (internal citations omitted). The rules apply equally to all parties, whether a party is represented by counsel or not. *In re Vasquez*, No. 05-15-00592-CV, 2015 WL 2375504, at *1 (Tex. App.—Dallas May 18, 2015, orig. proceeding) (mem. op.). "If a pro se litigant is not required to comply with the applicable rules of procedure, he would be given an unfair advantage over a litigant who is represented by counsel." *In re McKinney*, 2014 WL 7399301, at *1 (citing *Holt v. F.F. Enters.*, 990 S.W.2d 756, 759 (Tex. App.–Amarillo 1998, pet. denied)). "There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves." *Id.* (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)).

Rule 52.3(j) requires the relator to certify "that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1). To be a sworn copy, documents must be attached to a proper affidavit. *Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex. 1986) (per curiam). An inmate may substitute an unsworn declaration under penalty of perjury pursuant to section 132.001 of the Texas Government Code for the required affidavit. *In re Taylor*, 28 S.W.3d 240, 245 (Tex. App.—Waco 2000, orig. proceeding). An affidavit must

affirmatively show it is based on the personal knowledge of the affiant. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). An affidavit is insufficient unless the statements in it are direct and unequivocal and perjury can be assigned to them. *See In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding); *Gerstacker v. Blum Consulting Eng'rs, Inc.*, 884 S.W.2d 845, 848 (Tex. App.—Dallas 1994, writ denied) (citing *Brownlee*, 665 S.W.2d at 112).

Here, relator has certified "that every factual statement in the petition is supported by competent evidence included in the appendix or record" as required by rule 52.3(j) and has included multiple documents in his appendix that purport to be documents filed in the trial court. Those documents, however, are not file-stamped or otherwise certified, and relator's unsworn declarations do not unequivocally state that the documents attached to the petition are true and correct copies of the original documents filed in the trial court. Rather, he declares the appendix "contains every document material to the claim for relief and that was filed in the underlying proceeding" and the documents "are true and correct to the best of my belief." Those statements are insufficient to render the documents sworn copies of the originals because relator's statement that the documents were "true and correct to the best of my belief" does not establish personal knowledge. *See In re Butler*, 270 S.W.3d at 759 (affiant's verification failed to establish personal knowledge that the copy of the order in the appendix is a correct copy of the original because affiant stated only that the copy was true and correct "to my knowledge," which is "an equivocal statement implying less than personal knowledge").

This record is insufficient to establish that the petition was properly filed and timely presented and that the trial court was asked to rule but failed to do so within a reasonable time. Accordingly, we deny relator's petition for writ of mandamus without prejudice to refiling a petition for writ of mandamus accompanied by a certified or sworn record demonstrating that relator properly filed and timely presented his article 11.072 application for writ of habeas corpus

with the trial court, relator asked for a ruling on the application, and the trial court refused or failed to rule on the motion within a reasonable time. *See* TEX. R. APP. P. 52.8(a); *see also In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding).

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

190269F.P05