

# NUMBER 13-17-00710-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DEL SOL HOMES, LLC AND JOSE
DE LA FUENTE,                                              Appellants,

v.

HIDALGO COUNTY HEAD START
PROGRAM BY AND THROUGH
HIDALGO COUNTY,                                           Appellee.

## On appeal from the County Court at Law No. 1
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Tijerina
Memorandum Opinion by Justice Tijerina**

Appellee Hidalgo County Head Start (HCH) sued appellants Del Sol Homes, LLC

and Jose De La Fuente (collectively, Del Sol) for breach of contract, and Del Sol

counterclaimed for the same. The trial court granted HCH's motion for summary

judgment in opposition to Del Sol's counterclaim and its motion for summary judgment on its breach of contract claim. By two issues, Del Sol contends that the trial court erred in granting both summary judgments. We affirm.

## I. BACKGROUND

### A. HCH's Original Petition and Del Sol's Counterclaim

On or about October 24, 2012, HCH and Del Sol entered into a contract for the relocation of a building, which Del Sol was to complete by December 31, 2012. Del Sol substantially completed the project on April 12, 2013, four months after the contract deadline. On September 12, 2013, HCH filed its original petition against Del Sol, asserting it breached the contract by failing to timely relocate the building. Del Sol filed an answer and counterclaim alleging HCH breached the contract by "changing the terms of the contract and requesting extra work without following proper procedures." According to Del Sol, HCH Program Director Teresa Flores changed the plans of relocation after its bid had been accepted and approved by a board of directors, which resulted in delays.

### B. HCH's Motion for Summary Judgment in Opposition to Del Sol's Counterclaim

On May 23, 2014, HCH moved for a traditional and no evidence summary judgment asserting there was no evidence to substantiate Del Sol's counterclaim that HCH breached the contract by: altering the terms of the contract; requesting extra work without following proper construction procedures; authorizing any plans which required approval by the commissioner's court or policy council board; or threatening appellants. To support its motion, HCH attached the affidavits of Flores and Assistant Director Steven McGarraugh along with the contract in question and Del Sol's original bid sheet.

### C. Del Sol's Response to HCH's Motion for Summary Judgment

2

On June 25, 2014, Del Sol filed a response to HCH's no evidence summary judgment motion, arguing that summary judgment should be denied "because [HCH] has not provided any summary judgment proof . . . ." To support its response, Del Sol attached De La Fuente's affidavit, in which he averred: "The project was not completed by December 31, 2012, mainly because of the fault of [HCH] in changing the plans after [HCH] had approved the bids submitted by [Del Sol]." According to De La Fuente, this "raises a genuine issue of material fact as to whether [HCH] breached the contract by changing the plans after [HCH] had accepted the bid from [appellants]." After reviewing the pleadings, the trial court granted HCH's motion for summary judgment in opposition to Del Sol's counterclaim. On June 20, 2017, Del Sol asked the trial court to reconsider its February 11, 2015 order granting HCH's no evidence summary judgment as to Del Sol's counterclaim.

**D.    HCH's Traditional Motion for Summary Judgment**

On February 12, 2015, HCH filed a traditional motion for summary judgment on its claim for breach of contract, claiming that as a matter of law, Del Sol breached the contract, and HCH incurred the following damages: delay damages provided for in the contract; costs for a lease agreement with another entity; costs of electrician services; and attorney fees. As evidence to support its summary judgment motion, HCH attached the contract, the affidavit of the Assistant Program Director, the electrician's bill of services, and its attorney's affidavit.

Del Sol responded by asserting that there were genuine issues of material fact as to: whether HCH breached the contract; whether HCH threatened Del Sol; whether HCH failed to provide necessary water meters; whether HCH approved the changes after

3

December 31, 2012; whether HCH provided electrical plans in May; whether rain delays prevented Del Sol from completing the work; and whether HCH failed to pay Del Sol. It attached another affidavit from De La Fuente to support its response.

## E. Trial Court's Ruling

On December 1, 2017, the trial court denied Del Sol's motion for reconsideration on granting HCH's no evidence summary judgment. It subsequently granted HCH's traditional motion for summary judgment on December 5, 2017, issued a judgment against Del Sol for consequential damages and attorney's fees, and disposed of all claims. This appeal followed.

## II. NO EVIDENCE SUMMARY JUDGMENT

By its first issue, Del Sol contends the trial court erred by granting HCH's no evidence summary judgment in opposition of Del Sol's counterclaim.

## A. Standard of Review

We review the grant of summary judgment de novo. *Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 771–72 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.) (op. on reh'g). We will affirm a summary judgment "if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Joe v. Two Thirty-Nine J.V.*, 145 S.W.3d 150, 157 (Tex. 2004).

A motion for summary judgment may be brought on no evidence or traditional grounds. *See* TEX. R. CIV. P. 166a(c), (i). A motion for no evidence summary judgment is equivalent to a motion for pretrial directed verdict. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006); *Ortega*, 97 S.W.3d at 772. Such a motion should be granted if there is no evidence of at least one essential element of the claimant's cause

4

of action. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam). The burden of producing evidence is entirely on the non-movant; the movant has no burden to attach any evidence to the motion, and if the non-movant produces evidence raising a genuine issue of material fact, summary judgment is improper. *See* TEX. R. CIV. P. 166a(i). All that is required of the non-movant is to produce a scintilla of probative evidence to raise a genuine issue of material fact on the challenged element. *Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003); *Ortega*, 97 S.W.3d at 772. "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion of a fact.'" *Ortega,* 97 S.W.3d at 772 (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)); *see Forbes*, 124 S.W.3d at 172. Conversely, more than a scintilla of evidence exists when reasonable and fair-minded individuals could differ in their conclusions. *Forbes*, 124 S.W.3d at 172; *Ortega*, 97 S.W.3d at 772 (citing *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex. 1994)). In determining whether the non-movant has produced more than a scintilla of evidence, we review the evidence in the light most favorable to the non-movant, crediting such evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Tamez*, 206 S.W.3d at 582; *City of Keller v. Wilson*, 168 S.W.3d 802, 825, 827 (Tex. 2005).

B.     Discussion

HCH moved for summary judgment on Del Sol's counterclaim in part on the basis that there was no evidence that HCH breached the contract. Thus, the burden was entirely on Del Sol to produce evidence on the challenged element of its breach of contract claim. *See* TEX. R. CIV. P. 166a(i). Such a claim requires proof of the following

5

elements: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from the breach. *Doss v. Homecoming Fin. Network, Inc.,* 210 S.W.3d 706, 713 (Tex. App.—Corpus Christi–Edinburg 2006, pet. denied); *Abraxas Petroleum Corp. v. Hornburg*, 20 S.W.3d 741, 758 (Tex. App.—El Paso 2000, no pet.).[1]

In its response to HCH's no evidence summary judgment motion, Del Sol argued that HCH's motion "should be denied because [HCH] has not provided any summary judgment proof to support its Motion for Summary Judgment . . . ." However, HCH was not required to provide any summary judgment proof to support its no evidence summary judgment motion. *See* TEX. R. CIV. P. 166a(i). Rather, Del Sol was required to produce at least a scintilla of probative evidence to raise a genuine issue of material fact on each element of its breach of contract claim. *See Forbes*, 124 S.W.3d at 172.

Del Sol's response was one sentence long: the affidavit attached "raises a genuine issue of material fact as to whether [HCH] breached the contract by changing the plans after [HCH] had accepted the bid from [Del Sol]." Del Sol, however, did not elaborate how the alleged change in plans resulted in a breach. Del Sol attached De La Fuente's affidavit in which De La Fuente stated: "Director, Teresa Flores, changed the original plans after the bid submitted by [Del Sol] had been approved by [HCH]," but Del Sol did not provide any proof or evidence of how the change in plans resulted in HCH breaching the contract. Del Sol did not identify any contract term violated by Flores's alleged actions. Although De La Fuente claims that the alleged change was a breach resulting in "more work, costs, and expenses" to Del Sol, it provided no proof that the

---

[1] The only element in dispute is who allegedly breached the contract.

6

change caused more work or expenses. To have raised a fact issue, Del Sol needed to identify what provision of the contract HCH allegedly breached and explain the significance of its evidence in relation to its claim. Instead, De La Fuente's affidavit contains conclusory assertions that Del Sol did not complete the project on time "mainly because of the fault of [HCH]." Affidavits consisting only of conclusions are insufficient to raise an issue of fact. *See Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (per curiam) (stating that "conclusory affidavits are not enough to raise fact issues"); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). The affidavit must set forth such facts as would be admissible at a conventional trial on the merits, *see* TEX. R. CIV. P. 166a(f) ("affidavits . . . shall set forth such facts as would be admissible in evidence"), and must be direct, unequivocal, and controvertible. *Brownlee*, 665 S.W.2d at 112.

On appeal, Del Sol also claims HCH's change resulted in the need for Del Sol to perform additional work; HCH did not follow proper construction procedures in altering the contract; and it was HCH's fault that Del Sol failed to timely comply with deadlines. However, in the trial court, Del Sol failed to raise these contentions in response to HCH's no evidence summary judgment motion. The extent of Del Sol's argument to defeat HCH's no evidence summary judgment motion was that HCH "breached the contract by changing the plans after [HCH] had accepted the bid from [Del Sol]." We may not consider grounds for reversal of a summary judgment that were not expressly presented to the trial court by written response to the motion. *See* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993). Thus, the trial court did not err in

7

granting HCH's no evidence summary judgment on Del Sol's claim for breach of contract. Del Sol's first issue is overruled.

### III. TRADITIONAL SUMMARY JUDGMENT

By its second issue, Del Sol contends the trial court erred by granting HCH's motion for summary judgment on HCH's breach of contract claim.

### A. Standard of Review

When reviewing a traditional motion for summary judgment, we must determine whether the movant met its burden to establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). The movant bears the burden of proof, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *See Sw. Elec. Power Co.*, 73 S.W.3d at 215. We take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam). When, as in this case, the trial court does not specify in the order granting summary judgment the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

### B. Discussion

In its motion, HCH argued that as a matter of law Del Sol breached the contract by not timely completing construction, and Del Sol concedes this fact. As evidence, HCH attached the duly executed contract which incorporated Del Sol's original bid. The contract provided that Del Sol was to complete the project by December 31, 2012 and "no amendment, modification or alteration of terms shall be binding unless the same is in writing, and duly executed by the parties." Furthermore, because Del Sol did not complete the project on time, HCH had to enter into a lease agreement with another entity, resulting in damages. Moreover, the summary judgment evidence provided that HCH engaged the services of an electrician to finish the project. HCH presented the contract, Del Sol's bid, bills, invoices, and affidavits, purportedly showing Del Sol breached the contract. Del Sol does not contend that this evidence is insufficient to prove HCH's breach of contract claim. After reviewing HCH's summary judgment evidence, we conclude HCH met its initial summary judgment burden of showing that that it is entitled to judgment as a matter of law on its breach of contract claim because Del Sol did not complete the project by December 31, 2012 as the contract required. *See* TEX. R. CIV. P. 166a. Accordingly, the burden shifted to Del Sol to raise a fact issue sufficient to defeat summary judgment. *See id*.

In response to HCH's traditional motion for summary judgment and on appeal, Del Sol, again, makes the bare assertion that a genuine issue of material fact exists on HCH's breach of contract claim. Like its response to HCH's no evidence summary judgment motion, Del Sol generally refers to De La Fuente's affidavit. By one sentence, it continues to assert that Del La Fuente's affidavit "raise[s] genuine issues of material fact," and that is the extend of its argument. Other than the general summary judgment standards, Del

9

Sol cited no authority, does not specifically state the elements of the claim being attacked, or provide any analysis as to why De La Fuente's affidavit raises a fact issue as to HCH's claim. By failing to make any substantive analysis or argument, Del Sol waived its contention that there is a fact issue as to who breached the contract. *See* TEX. R. APP. P. 38.1(i) (providing that appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and the record); *Sunnyside Feedyard, L.C. v. Metropo. Life Ins. Co.*, 106 S.W.3d 169, 173 (Tex. App.—Amarillo 2003, no pet.) (recognizing that the failure to either cite authority or advance substantive analysis waives an issue on appeal). Accordingly, we overrule Del Sol's second issue.

## C.    Summary

Because Del Sol failed to present evidence of HCH's alleged breach in its breach of contract counterclaim, we affirm the trial court's grant of no evidence summary judgment in favor of HCH on Del Sol's counterclaim. Further, because HCH met its burden of conclusively establishing its breach of contract claim as a matter of law and Del Sol failed to present evidence raising a fact issue on any element of the claim, we affirm the trial court's grant of summary judgment in favor of HCH on its claim.

## IV.    CONCLUSION

We affirm the final summary judgment of the trial court.

JAIME TIJERINA,
Justice

Delivered and filed the
7th day of November, 2019.